THORP, respondent, v. WOOLMAN, appellant.

STATUTORY CONSTRUCTION — *statute regulating irrigation — award of commissioners void.* The powers conferred on commissioners to apportion water under the fourth section of the act "to protect and regulate the irrigation of land in Montana Territory," approved January 12, 1865, are judicial, and cannot be granted by the legislative assembly. The award of such commissioners is void.

STATUTORY CONSTRUCTION — *statute regulating irrigation — doctrine of appropriation.* The act regulating irrigation in this Territory recognizes the doctrine of the appropriation of water for irrigation, but limits the right and quantity to certain persons.

RIGHT OF FIRST LOCATOR OF LAND. Law and equity give the first locator of land and claimant of water a sufficient quantity of water to irrigate his land.

*Appeal from the Third District, Lewis and Clarke County.*

IN this action, Thorp and Woolman filed their agreed statement of facts in the district court for Lewis and Clarke county, on March 14, 1870. The attorneys of the parties also filed a stipulation "that the above agreed statement is made with reference to the settled customs and usages of Montana Territory, of which we desire that the court shall take judicial notice." On June 10, 1870, the court, SYMES, J., signed a decree in favor of Thorp, and Woolman appealed.

Section 4 of the act approved January 12, 1865, which is referred to by counsel and the court, is as follows :

SEC. 4. That in case the volume of water in said stream or river shall not be sufficient to supply the continual wants of the entire country through which it passes, then the nearest justice of the peace shall appoint three commissioners, as hereinafter provided, whose duty it shall be to apportion, in a just and equitable proportion, a certain amount of said water, upon certain alternate weekly days, to different localities, as they may in their judgment think best for the interest of all parties concerned, and with a due regard to the legal rights of all."

The opinion contains the other facts.

SHOBER & LOWRY, for appellant.

Appellant relies upon the statute of the Territory.   Acts 1865, 367, 368, 369.

WOOLFOLK & TOOLE, for respondent.

The courts of the Territory, like those of California, hold that rights to water are determined by priority of appropriation.   Has the statute referred to by appellant changed this rule?   In controversies between minors and ranchmen, this doctrine of priority prevails and should be of general application.   The appellant's interpretation of this statute makes prior appropriation of no avail.   The whole of the statute must be construed together, and custom and usage must be considered to ascertain the intention of the legislature.   Sedgw. Stat. Law, 231 to 239; *Jackson* v. *Gumaer*, 2 Cow. 567; *M'Keen* v. *Delancy*, 5 Cr. 22; *Cullerton* v. *Mead*, 22 Cal. 95.

Sections 1 and 4 must be construed together.   Can all the ranchmen upon a stream insist that the water thereof shall be divided among all of them, without regard to the time of their settlement?   The water granted by section 1 of the statute would be taken by others, and the first locator would not have water to the "full extent of the soil." There is nothing in section 4 which provides that priority shall not prevail, or that the water shall be equally divided. The commissioners are to apportion the water in a "just and equitable proportion," and with a due regard to "legal rights."   The object of this statute was to save litigation with regard to water rights, and the commissioners are made a new tribunal to settle controversies.   The organic act vests judicial power in certain officers.   This statute vests it in commissioners.   Being clearly in violation of the organic act, it is void.   Organic Act, § 9; *People* v. *Collins*, 19 Wend. 56; *French* v. *Teschemaker*, 24 Cal. 518; *Burson* v. *Cowles*, 25 id. 535; *Reed* v. *Omnibus R. R. Co.*, 33 id. 212.

The court should act as a legislator if the statute is ambiguous.   Sedgw. Statutory Law, 294.

If a statute, which confers a new right and remedy, is void, the right and remedy fall with the statute. *State v. Poulterer*, 16 Cal. 515, and cases cited; *Almy v. Harris*, 5 Johns. 175.

KNOWLES, J. This cause was presented to the court below on an agreed statement of facts. It appears, from this, that the respondent and appellant each owned a ranch on Prickly Pear creek. That of the appellant's was higher up the creek than that of respondent's. The respondent first located his ranch, and, at the same time, claimed three hundred inches of water in this creek for the purposes of irrigating his·land. In 1869, owing to a drouth, this was all the water there was in this creek, and this much was necessary to irrigate the land of respondent. The appellant then applied to the nearest magistrate, in accordance with the provisions of "An act to protect and regulate the irrigation of land in Montana Territory," approved January, 1865, for the appointment of three commissioners to apportion what water there was in the creek between him and respondent. This commission met, and awarded one-half of the water to appellant, leaving the respondent the other half.

The respondent asks a decree against the appellant for three hundred inches of water. The case may be said to be an action to quiet title, presented to the court upon these facts. The court below gave judgment to the respondent for three hundred inches of water. From this judgment the appellant appeals to this court.

The first question presented is this award of the commission. The powers given this commission by the act under which they conducted their proceedings are clearly judicial. They are empowered by it to apportion the waters in a just and equitable proportion. This required them to determine what was just and equitable between these parties. In the next place the apportionment was to be made with a due regard to the legal rights of all. This required of them to determine what these legal rights were. The organic act of

this Territory, which is its fundamental law, limits the powers of legislation, vests judicial power in a supreme court, district courts, probate courts, and in justices of the peace. No tribunal which does not belong to one of these classes is legal. As this commission cannot claim to belong to either one of these, it was a tribunal exercising judicial authority without legal warrant, and its acts are void. The appellant gained no rights whatever by virtue of this award.

It is not necessary for the court to determine, in this case, whether or not the doctrine of appropriation applies to ranchmen as well as to miners, concerning water rights, for the statement of facts shows that the ranch of appellant was above that of the respondent, and that, at the time this dispute arose, three hundred inches of water was flowing down the creek by appellant's ranch, which clearly indicates that the water had not been taken out of the creek above it. As a riparian proprietor the respondent would be entitled to have the waters of the creek flow down its accustomed and natural channel undiminished in quantity, and, below appellant's ranch, could divert the same for purposes of irrigation as against him. The counsel for appellant, in their brief, say they claim their rights by virtue of the above statute. There are many reasons for holding that this very statute recognizes or establishes the doctrine of appropriation of water for irrigation, limiting, however, the right to appropriate to persons owning land upon the banks of the stream from which the same is taken, and also limiting the quantity of water he can appropriate to what is necessary to irrigate his land. The permission given by that act to take water out of its natural channel for purposes of irrigation, where it damages land holders below the point where the water is diverted, is incompatible with the common-law doctrine in the case of riparian proprietors.

Section 4 of the act I do not think, in any way, militates against this view. Any tribunal, governed by the established principles of law, making an apportionment of water in accordance with what is just and equitable, would

be compelled to hold that the one who first located the land, and claimed the water, was entitled to sufficient to irrigate his land; for equity declares that he who is first in time is first in right.

In this case the respondent was first in time, and, giving the construction to the statute indicated above, under it he would, undoubtedly, be entitled to the water in dispute.

For these reasons the judgment of the court below is affirmed, with costs.

*Exceptions overruled.*